WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carla M. Lacombe, individually and as Administrator for the Estate of David Nichols, deceased; Donald A. Nichols, father of David Nichols; Nancy Nichols, mother of David Nichols,<br>        Plaintiffs<br>   vs.<br>Bullhead City Hospital Corp., a Tennessee corporation doing business in Arizona as Western Arizona Regional Medical Center; *et al.*,<br>        Defendants. | No. CIV 06-2037-PHX-RCB<br><br>O R D E R |

## *Background*

This medical malpractice action is one of three which plaintiffs filed arising out of the death of David Nichols.[1] The

---

[1] Plaintiffs filed their first such action in Nevada State Court on July 11, 2006. Mot. (doc. 10), exh. C thereto. Plaintiffs' filed this second action, on August 21, 2006, against substantially all of the defendants whom they named in the original state court action. On September 1, 2006, plaintiffs filed another action in federal district court, naming "Mark E. Luce, M.D. and Jane Doe Luce, husband and wife; DOES I through V and ROES DOES I through V, inclusive[.]" Amended Co., "NO. 3:06-cv-2127-PCT-SMM" (doc. 11) at 1. The latter two actions are the subject of a pending motion to consolidate. See Mot. (doc. 24).

amended complaint[2] alleges that Mr. Nichols' death was due to the administration of "a broad spectrum antibiotic which is in the same general class as penicillin." Co. (doc. 5) at 6, ¶ 30. The complaint further alleges that decedent Nichols had a "known allergy to penicillin[.]" Id. at 7, ¶ 35. Plaintiffs, decedent's wife and parents, commenced the present action against a host of health care providers and entities.

One of the remaining defendants,[3] Western Arizona Regional Medical Center ("WARMC"), is moving to dismiss pursuant to Fed. R. Civ. P. 12(b).[4] Mot. (doc. 10). WARMC contends that this court lacks subject matter jurisdiction because there is not complete diversity of citizenship. Alternatively WARMC requests that in its discretion the court "dismiss this case or abate it pending the outcome of" the Nevada state court action. Id. at 6 and 5. If the court denies this dismissal motion altogether, WARMC is seeking dismissal of decedent's estate as a plaintiff, contending that it is not a proper party under Arizona's wrongful death statute, A.R.S. § 12-612.

### *Discussion*
### *I. Diversity Jurisdiction*

Section 1332 provides in relevant part that district courts "shall have original jurisdiction of all civil actions where the

---

[2] Hereinafter, unless otherwise specified, all references to the "complaint" shall be read as referring to this amended complaint.

[3] Through either motion practice or voluntary dismissal, of the ten originally named defendants, only WARMC and Mark E. Luce, M.D. and Jane Doe Luce remain as defendants. See Docs. 21, 36 and 37.

[4] WARMC did not specify upon which subdivision of Rule 12(b) it is relying. However, because it is arguing lack of diversity, obviously it intends to rely upon Rule 12(b)(1) which provides for dismissal if subject matter jurisdiction is lacking.

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . *citizens* of different States[.]" 28 U.S.C. § 1332(a)(1) (emphasis added).  To establish federal jurisdiction under this statute, two requirements must be met.  First, "*each* defendant [must be] a citizen of a different state from *each* plaintiff."  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original); see also Tosco Corp. v. Communities For Better Environment, 236 F.3d 495, 499 (9th Cir. 2001) ("Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff.")  Second, the complaint must include allegations that the amount in controversy "exceeds" $75,000.00.

  In their complaint, plaintiffs allege "jurisdiction based on diversity of citizenship[,]" but they do not mention 28 U.S.C. § 1332 – the diversity jurisdiction statute.  See Doc. 5 (Co.) at 2, ¶ 1.  The Ninth Circuit has long recognized that "'[i]f the facts giving the court jurisdiction are set forth in the complaint, the provision conferring jurisdiction need not be specifically pleaded.'"  Aguirre v. Automotive Teamsters, 633 F.2d 168, 174 (9th Cir. 1980) (quoting Williams v. United States, 405 F.2d 951, 954 (9th Cir. 1969)) (other citation omitted); see also Love v. U.S., 915 F.2d 1242, 1249 (9th Cir. 1989) (citation omitted) (emphasis added) ("We have consistently held that no jurisdiction-conferring provisions need be specifically pleaded, *as long as* the complaint sets forth facts giving the court jurisdiction.")  As will be seen, the complaint in the present case does not adequately allege the facts conferring diversity jurisdiction upon this court.  Thus, plaintiffs' failure to indicate the specific statutory basis for

1 jurisdiction is problematic.

2 More problematic though is plaintiffs' failure to adequately 3 plead the facts necessary to establish diversity jurisdiction. 4 This omission would be understandable if this action had been 5 removed from state court. "Indeed, it is not uncommon for a state 6 court pleading to omit the necessary facts needed to determine 7 diversity." Harris v. Bankers Life and Casualty Company, 425 F.3d 8 689, 693 (9th Cir. 2005). That is so because "[o]bviously, 9 diversity of citizenship is a federal, not a state, concern." See 10 id. The fact remains, however, that the present action was not 11 removed from state court. Therefore, it was incumbent upon 12 plaintiffs to adequately plead diversity, which they did not do.

13 Omitting any references to citizenship, initially WARMC 14 contended that the court must dismiss this action for lack of 15 diversity because "it is between *parties* from the same state[.]" 16 Mot. (doc. 10) at 4 (emphasis added). Also failing to acknowledge 17 the relevance of citizenship here, plaintiffs nonetheless 18 "concede[d] that there is a lack of complete diversity as to the 19 Nevada defendants." Resp. (doc. 12) at 2. However, instead of 20 dismissing this action entirely, plaintiffs "request that only the 21 Nevada defendants be dismissed" and that the case be allowed to go 22 forward "against the Arizona defendants." Id. Dismissal of the 23 "Nevada defendants" is appropriate, plaintiffs assert, because they 24 are dispensable parties and in their absence "complete diversity 25 will be achieved [between the Plaintiffs and remaining Arizona 26 defendants]." Id. at 3. These references to "Nevada defendants"[5]

---

[5] Since the filing of this motion, it appears that the "Nevada defendants" have been dismissed.

-4-

or "Arizona defendants" are non-responsive because, as will be fully explained below, the critical issue is the defendants' citizenship – a factor which plaintiffs wholly failed to consider either in pleading or in their Response.

WARMC replies, among other things, that "[p]laintiffs' failure to allege the citizenship of any party is, by itself, sufficient grounds for dismissal." Reply (doc. 16) at 4. WARMC also points out, which it did not initially, that complete diversity is lacking here because plaintiffs have named fictitious Jane Doe defendants, and fictitious defendants "Does I through V and Roes Does I through V, inclusive[.]" Co. (doc. 5) at 1.

### **A. *Citizenship***

#### ***1. Individuals***

Even though 28 U.S.C. § 1332 "speaks of citizenship, not of residency," plaintiffs herein did not allege the citizenship of any of the parties. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Instead, plaintiffs Lacombe and Nancy Nichols allege that they are Nevada "resident[s.]" Co. (doc. 5) at 2, ¶¶ 3 and 5. Likewise, plaintiff Donald Nichols alleges that he is a "resident of Massachusetts[.]" Id.. at 2, ¶4. Plaintiffs further allege that the remaining named individual defendant, Mark E. Luce is "a resident of . . . Arizona[,]" as opposed to being an Arizona citizen. See id. at 3, ¶ 11.

Recently this court reiterated "the simple allegations needed to establish a natural person's state of citizenship[]" under § 1332(a)(1):

> To be a citizen of a state, a natural person must first be a citizen of the United States . . . . *The natural person's state citizenship is then*

-5-

> *determined by her state of domicile, not her state of residence.*  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. . . .  *A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.*

Western World Insurance Company v. Ramirez, 2007 WL 1839594, at *1 (D.Ariz. June 26, 2007) (quoting Kanter, 265 F.3d at 857)(emphasis added by Western World court).  This court went on to explain that "[t]he distinction between domicile and residence is an uncontroversial principle to which the Supreme Court has spoken long ago:

> '[A]n averment that a party resided within the State or the district in which the suit was brought was not sufficient to support the jurisdiction, because in the common use of words a resident might not be a citizen, and therefore it was not stated expressly and beyond ambiguity that he was a citizen of the State, which was the fact on which the jurisdiction depending[.]'"

Id. (quoting Shaw v. Quincy Mining Co., 145 U.S. 444, 447 (1892)).

Applying these well settled diversity jurisdiction pleading requirements to the present case, plaintiffs' failure to allege the state of citizenship of any of individual parties is fatal because "the party asserting diversity jurisdiction bears the burden of proof[.]"  See Kanter, 265 F.3d at 857-58 (citation omitted).  Like Western World, this court "cannot simply assume" the state of citizenship of the individual parties "based on where they reside or have resided."  See Western World, 2007 WL 1839594, at *2.

### *2. Corporate Defendant*

Plaintiffs' jurisdictional allegations are also wholly inadequate in terms of the moving corporate defendant, WARMC. Corporations have dual citizenship for purposes of diversity

jurisdiction, in contrast to individuals.  A corporation is deemed to be a citizen of both the State in which it is incorporated "and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Here, plaintiffs do not specifically allege the state of WARMC's incorporation, although arguably it can be inferred from plaintiff's allegation that WARMC is "a Tennessee corporation[.]" Co. (doc. 5) at 2, ¶ 8.  In this motion, however, WARMC clarifies that it "is an Arizona Corporation with its principal place of business in Tennessee."  Mot. (doc. 10) at 3; and exh. B thereto (Arizona Corporation Commission's website public information pertaining to this defendant).  Even assuming that plaintiffs had explicitly and correctly pled WARMC's state of incorporation as 28 U.S.C. § 1332(c)(1) requires, their allegations pertaining to the citizenship of this defendant still would be insufficient.

This insufficiency arises from the fact that plaintiffs did not allege the state where WARMC has its principal place of business – the second basis for citizenship of a corporate defendant such as WARMC.  Rather, the complaint alleges that WARMC is "authorized to do and doing business in Arizona[.]"  See Co. (doc. 5) at 2, ¶ 8.   As with residency and citizenship, plaintiffs overlook the fact that "doing business" and a "principal place of business" are separate and distinct legal concepts.  The fact that a corporation is doing business in a given state does not mean that that state is necessarily its "principal place of business" for purposes of diversity jurisdiction under section 1332.  See Tremble v. Liberty Mutual Insurance Co., 2007 WL 1582759, at *2 (S.D.Ga. 2007) (internal quotation marks and

-7-

citations omitted) ("[T]he mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction.").[6] Therefore, as with the individual parties, plaintiffs have not met their burden of proof in terms of pleading the citizenship of the corporate defendant WARMC so as to support a finding of diversity jurisdiction based upon section 1332.

### *3. Doe Defendants*

There is one other way, as WARMC notes, in which plaintiffs' complaint is defective in terms of alleging diversity of citizenship. Plaintiffs' complaint includes allegations against unknown defendants "DOES I through V and ROES I through V[.]" See, e.g., Co. (doc. 5) at 5, ¶ 25. This Circuit has long "rejected naming 'Doe' defendants in diversity actions," such as this, "on the grounds that complete diversity cannot exist if the identity and citizenship of some defendants (*i.e.*, the 'Does') are unknown." Medina v. Chas Roberts Air Conditioning, Inc., 2006 WL 2091665, at *6 (D. Ariz. 2006) (citing Fifty Associates v. Prudential Life Ins. Co. Of America, 446 F.2 1187, 1191 (9th Cir. 1970)).

"It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." A-Z Intern. v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotation marks and

---

[6] See also Verhouvsek v. Degraffin, 554 F.Supp. 344 (D.D.C. 1983)(citing Goodlett v. Louisville R. Co., 122 U.S. 391 (1887)) ("The fact that the two defendant corporations may 'do business' in the District of Columbia is not sufficient to render them citizens of D.C."); and Nassau Sports v. Peters, 352 F.Supp. 867, 870 (E.D.N.Y. 1972) (internal quotation marks and citation omitted) ("[T]ransacting or doing business in New York . . . is not the standard for locating 'principal place of business to determine whether duality of citizenship exists which would bar removal.")

citation omitted).  Consequently, the presumption is that "a federal court . . . lack[s] jurisdiction in a particular case unless the contrary affirmatively appears." Id. (Internal quotation marks and citations omitted).  As should be abundantly clear by now, diversity jurisdiction does not "affirmatively appear" on the face of the complaint given plaintiffs' failure to allege the citizenship of each of the parties at the time the action was commenced. See Western World, 2007 WL 1839594, at *2 (citing, *inter alia*, Freeport-McMoRan, Inc. V. K N Energy, Inc., 498 U.S. 426, 428 (1991)) ("It is well settled that allegations invoking diversity jurisdiction must show that complete diversity existed at the time the action was filed.") Accordingly, the court could dismiss this action.  See Tosco, 236 F.3d at 499 (internal quotation marks and citation omitted) ("A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

As just alluded to though, "[t]he Court is mindful that '[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'" Id. (citing 28 U.S.C. § 1653; and Snell v. Cleveland, Inc., 316 F.3d 822, 828 (9th Cir. 2002) ("The primary purpose of section 1653 is to permit corrections of incorrect statements about extant jurisdiction.")) Therefore, the court will allow plaintiffs ten (10) days from the date of entry of this order in which to file and serve a second amended complaint properly alleging subject matter jurisdiction.

Such amendment also will allow plaintiffs to correct what they term "an unintentional error[,]" which was their failure to allege an amount in controversy -- another essential element of jurisdiction under 28 U.S.C. § 1332.  See  Resp. (doc. 12) at 4.

### *Conclusion*

The Supreme Court has long recognized that "'without jurisdiction the court cannot proceed at all in any cause.'" Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 7 Wall. 506, 514 (1868)). Because "the Court is not at liberty to proceed on the basis of hypothetical jurisdiction[,]" Western World, 2007 WL 18395494, at *2 (citing Steel Company, 523 U.S. at 94-95), it will take WARMC's motions to dismiss under advisement and allow plaintiffs ten days within which to file and serve a second amended complaint.  If plaintiffs do not file a second amended complaint within ten days, defendant WARMC's motions to dismiss will be granted.

IT IS ORDERED that:

(1) defendant WARMC's motion to dismiss for lack of subject jurisdiction (doc. 10) is taken under advisement;

(2) defendant WARMC's alternative motion to dismiss based upon the pending state court action (doc. 10) is taken under advisement;

(3) defendant WARMC's motion to dismiss decedent's estate as a party is taken under advisement; and

(4) plaintiffs have ten (10) days from the date of entry of this order in which to file a second amended complaint adequately alleging subject matter jurisdiction.  If plaintiffs do not amend their complaint accordingly within the ten (10) days allotted for that purpose, the amended complaint which is the subject of this

1  motion (doc. 5) will be dismissed.
2  IT IS ORDERED.
3      DATED this 11th day of September, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

9  Copies to counsel of record